FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

02 SEP 30 PM 2: 02

U.S. DISTRICT COURT
N.D. OF ALABAMA

DANIEL SIEBERT,              )
                            )
        Petitioner,          )
                            )
vs.                          )       Case No. CV 01-J-2323-E
                            )
MICHAEL HALEY, Commissioner  )
of the Alabama Department    )
of Corrections, and the      )
ATTORNEY GENERAL OF          )
THE STATE OF ALABAMA,        )       ENTERED
                            )
        Respondents.         )       SEP 30 2002


## MEMORANDUM OPINION

This is an action by an Alabama state prisoner pursuant to 28
U.S.C. § 2254, challenging the constitutional validity of the
conviction he received in the Talledega County Circuit Court on
March 19, 1987, for capital murder, for which he was sentenced to
death.  The petitioner, Daniel Siebert,[1] with the assistance of an
attorney, filed the instant petition for writ of *habeas corpus* on
September 14, 2001.  He is incarcerated on Death Row at Holman
Correctional Facility in Atmore, Alabama.

_____

[1]     In all trial court proceedings, the petitioner's first
name is spelled "Danial," but the appellate courts and
petitioner's counsel, in the petition for writ of *habeas corpus*
filed here, spells the name as "Daniel."

13

## I.  PROCEDURAL HISTORY

On March 19, 1987, the petitioner was convicted after a jury trial for the capital murder of Linda Ann Jarman[2] during the course of a robbery.[3]  The jury recommended that petitioner be sentenced to death, and on April 17, 1987, the trial judge sentenced petitioner to death by electrocution.

Petitioner appealed his conviction to the Alabama Court of Criminal Appeals, which affirmed on April 14, 1989.  <u>Siebert v. State</u>, 562 So. 2d 586 (Ala. Crim. App. 1989).  On March 30, 1990, the Alabama Supreme Court affirmed the decision of the appellate court.  <u>Siebert v. State</u>, 562 So. 2d 600 (Ala. 1990).  A certificate of judgment was issued by the Alabama Court of Criminal Appeals on May 22, 1990.  The court did not send a copy to the petitioner, but did send a copy to the Talladega County Circuit Court.  On November 5, 1990, the United States Supreme Court denied petitioner's application for writ of <i>certiorari</i>.  <u>Siebert v. Alabama</u>, 498 U.S. 963, 111 S. Ct. 398, 112 L. Ed. 2d 408 (1990).

---

[2]     The victim's name is spelled "Jarmin" in some state court documents.

[3]     In a separate trial held in Lee County after a motion for change of venue was granted in the Talladega Circuit Court, Siebert subsequently was convicted of capital murder in connection with the strangulation deaths of Sherri Weathers and her two young sons.

On or about August 25, 1992,[4] petitioner filed a petition for post-conviction relief in the trial court pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.[5]  The state filed an answer on October 15, 1992, and did not raise the defense that the petition was time-barred.  The trial court conducted evidentiary hearings on petitioner's claims of ineffective assistance of counsel on April 3-5, 1995, and on September 26, 1995.  On April 4, 1995, the state amended its answer and raised for the first time the defense that the petition was untimely filed.  On December 30, 1998, the court ruled that the Rule 32 petition was untimely filed pursuant to Alabama Rule of Criminal Procedure 32.2(c).  The court also addressed the petition on the merits and denied all claims.  Petitioner appealed to the Alabama Court of Criminal Appeals, which affirmed the denial on December 30, 1999. Siebert v. State, 778 So. 2d 842 (1999).  The Alabama Supreme Court denied *certiorari* on September 15, 2000, 778 So. 2d 857 (Ala. 2000).  Petitioner did not seek review in the United States Supreme Court.

_____

[4]      The parties refer to the filing date as August 24, 1995. The document attached as defendants' Exhibit 36 shows a date stamp of August 25, 1995.  The precise date is not relevant, however, to the ultimate resolution of this matter.

[5]      The Rule 32 petition arising from his conviction for the murder of Jarman was ultimately consolidated in Talledega Circuit Court with the Rule 32 petition challenging his conviction in Lee County for the murders of Weathers and her two children.

-3-

On September 14, 2001, the petitioner, represented by counsel, filed the instant *habeas corpus* petition.    Petitioner filed an amended petition on October 26, 2001.   On February 5, 2002, the respondents filed an answer and a motion to dismiss supported by a memorandum of law, contending that the petition is time-barred by operation of 28 U.S.C. § 2244(d)(1).[6]   On March 20, 2002, respondents filed a supplemental memorandum of law.    Petitioner filed a response to the motion to dismiss on May 6, 2002.

## II.  TIMELINESS

The respondents raise the issue that the instant petition may not be considered by the court because it is time-barred pursuant to 28 U.S.C. § 2244(d)(1).  The court agrees that the one-year time deadline for the filing of this petition expired no later than April 23, 1997, that the petitioner's Rule 32 proceedings did not toll the running of the time, and that the petition cannot now be considered on the merits.

Section 2244(d), enacted April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), established for the first time a one-year deadline for the filing of *habeas* actions under § 2254 challenging the validity of state

---

[6]    Respondents also raise issues of procedural default. Because the petition clearly is time-barred, the court need not address any other issue.

-4-

criminal convictions.  The one-year limitation runs from the latest

of any of four dates:

> (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration of the
> time for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State
> action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme Court,
> if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on
> collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been discovered
> through the exercise of due diligence.

AEDPA further provides that the limitation period is subject

to tolling under § 2244(d)(2), which states:

> (2)  The time during which a properly filed
> application   for   State   post-conviction   or   other
> collateral review with respect to the pertinent judgment
> or claim is pending shall not be counted toward any
> period of limitation under this subsection.

Subsection 2244(d)(2) provides for the tolling of the limitation

period during those times the petitioner has pending a "properly

filed" post-conviction petition in state court.  The term "properly

-5-

filed application," however, is not defined by the statute, and it is the definition of this term upon which the timeliness of the instant petition depends.  The State respondents argue that the instant petition was not filed within the one-year limitation period because no "properly filed" state court petition tolled the running of the limitation period.[7]  In opposition to the motion to dismiss, petitioner argues that: (1) the federal *habeas* petition was timely because petitioner was required to exhaust his state court remedies before filing the federal petition, (2) the Rule 32 limitation period should not be enforced because it was not clear or well established at the time of petitioner's post-conviction proceedings; and (3) the Rule 32 limitation period was inconsistently applied at the time relevant to petitioner's post-conviction motion.

Turning to the facts of this case, the petitioner's judgment of conviction became final when the United States Supreme Court denied his petition for writ of *certiorari* on November 5, 1990. However, because that date was prior to the enactment of AEDPA, the petitioner would have the benefit of the one-year grace period, setting his deadline for filing a *habeas* petition in this court on April 23, 1997.  Wilcox v. Florida Department of Corrections, 158

---

[7]     It is undisputed that the instant petition was not filed within AEDPA's one-year grace period.

-6-

F.3d 1209 (11th Cir. 1998)(holding that a one-year grace period for filing a federal *habeas* petition would apply to those petitioners whose convictions became final before the date of AEDPA's enactment); <u>Drew v. Department of Corrections</u>, 297 F.3d 1278 (11th Cir. 2002). Consequently, absent any tolling, it is on that date the one-year limitation period would expire, causing any petition filed later than April 23, 1997, to be untimely.[8]

In accordance with subsection (d)(2), the one-year limitation period is tolled for that portion of the period during which petitioner had pending in state court a "properly filed" post-conviction petition. In this case, petitioner's Rule 32 petition was filed on August 25, 1992, before the enactment of AEDPA, and remained pending until September 15, 2000, when the Alabama Supreme Court denied *certiorari*. Accordingly, if the Rule 32 petition was "properly filed," the *habeas* petition is timely because the time from the enactment of AEDPA until September 15, 2000, was tolled by the pendency of the Rule 32 petition, and petitioner filed the

---

[8] It is important to note that petitioner does not argue that any of the other three dates from which the limitation period might begin running under § 2244(d)(1) is applicable to his case. He does not point to any new Supreme Court precedent that might be retroactively applicable to his case or to the recent discovery of the factual predicate of any claim. Indeed, for any of these triggering dates to be able to save the current petition, petitioner would have to show that the triggering event occurred within one year prior to the filing of the petition on September 14, 2001. He has not done so or attempted to do so.

instant petition within one year after that date.  If the Rule 32 petition was not "properly filed," however, the respondents' motion to dismiss is due to be granted because it had no tolling effect, and the time for filing this petition expired in April of 1997, long before the filing date of September 14, 2001.

For the reasons set forth herein, the court finds that petitioner's Rule 32 petition was not "properly filed" within the meaning of Section 2244(d)(2) and that it did not toll the running of the one-year limitation period, which began to run on April 24, 1996, and expired on April 23, 1997.  The instant petition filed on September 14, 2001, more than four years past the deadline, is due to be dismissed as untimely.

In the six years since the enactment of AEDPA, the issue of whether a post-conviction petition is "properly filed" often has been examined in different contexts.  Several district courts have held that state post-conviction petitions that are untimely, frivolous, or subject to a procedural bar cannot be deemed to be "properly filed" for purposes of suspending the running of the AEDPA limitation period.  For example, in <u>Valentine v. Senkowski</u>, 966 F. Supp. 239, 241 (S.D.N.Y. 1997), the district court stated that "a post-conviction state remedy, which may be filed at any time, [may] be used to revive a right to federal relief which otherwise would be time-barred by the lapse of one year following

direct appeal, thus evading the intent of the new law." To prevent the circumvention of the one-year limitations period, the court held that post-conviction petitions must be non-frivolous to be considered "properly filed" under § 2244(d)(2). Id. Another judge in this court similarly held that "if a petition is found by the state courts to be barred as successive, abusive, **or untimely**, it would not toll the time limitation of § 2244(d)(1)." See, e.g., Ivory v. Mitchell, in the District Court for the Northern District of Alabama, CV-98-AR-3003-S, October 26, 1999 (emphasis added).

The Eleventh Circuit Court of Appeals also has concluded that several types of procedural defaults may preclude a state post-conviction petition from being "properly filed" for federal limitation purposes. In particular, in early 2000, the Eleventh Circuit specifically held in Webster v. Moore that an **untimely** state post-conviction petition is not "properly filed" and thus does not toll AEDPA's statute of limitation. 199 F.3d 1256, 1258 (2000).

Several months later, the United States Supreme Court addressed a similar but distinct issue in Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). In Artuz, the Court affirmed the Second Circuit Court of Appeals and determined that a state post-conviction petition that contained claims that

were procedurally barred was nonetheless "properly filed."   In
reaching its conclusion the Court noted:

> An application is 'properly filed' when its delivery and
> acceptance are in compliance with the applicable laws and
> rules governing filings.  These usually prescribe, for
> example, the form of the document, **the time limits upon
> its delivery**, the court and office in which it must be
> lodged, and the requisite filing fee.

Artuz, 121 S. Ct. at 363-64 (emphasis added).  The Supreme Court's
conclusion is consistent with the Eleventh Circuit Court of
Appeals' decision in Webster[9] because the court noted that "the
question whether an application has been "properly filed" is quite
separate from the question whether the claims contained in the
application are meritorious and free of procedural bar."  Artuz,
121 S. Ct. at 364.   "Claims" within a state post-conviction
petition may be defaulted while others are not, but the timeliness
of the filing of the application affects the entire petition, not
the separate, individual claims within it.  Thus, while a petition
containing procedurally defaulted claims, nonetheless, may be a
"properly filed application," an untimely filed petition is not a
"properly filed application."

_____

[9]    The court notes, although recognizing that there is no
precedential value in the fact, that the United States Supreme
Court denied certiorari in Webster just six days after deciding
Artuz.  531 U.S. 991, 121 S. Ct. 481, 148 L. Ed. 2d 454 (2000).

Post-<u>Artuz</u>, other circuit courts of appeal have recognized that an untimely post-conviction proceeding is not "properly filed" for purposes of tolling the statute of limitations. <u>See, e.g.</u>, <u>Raglin v. Randle</u>, 2001 WL 523530 (6th Cir. May 8, 2001)(holding, in an unpublished opinion, that "untimely state collateral attacks are not properly filed and do not toll the statute of limitations"); <u>Outlaw v. Sternes</u>, 233 F.3d 453, 456 (7th Cir. 2000)(citing footnote 2 of <u>Artuz</u> in concluding that untimely state post-conviction petition is not "properly filed"). <u>But see</u> <u>Dictado v. Ducharme</u>, 244 F.3d 724, 727-28 (9th Cir. 2001)(holding that if a state's rule governing timely commencement of a post-conviction petition contains exceptions that require the state court to examine the merits of a petition before dismissing it as untimely, an untimely petition may be "properly filed" for purposes of tolling AEDPA's statute of limitation).

Pre-<u>Artuz</u> opinions also have concluded that untimely filed state petitions do not toll the limitation. <u>Villegas v. Johnson</u>, 184 F.3d 467, 469-79 and n.2 (5th Cir. 1999)(pre-<u>Artuz</u> opinion holding that a successive state court post-conviction petition is not properly filed, but explaining that a properly filed application for purposes of § 2254(d)(2) "is one that conforms with a state's applicable procedural filing requirements," which may include the time and place of filing); <u>Lovasz v. Vaughn</u>, 134 F.3d

-11-

146, 148 (3d Cir. 1998)(pre-<u>Artuz</u> determination that petition must meet rules governing time and place of filing in order to be deemed properly filed).

A few months after <u>Artuz</u> was decided, the Eleventh Circuit Court of Appeals again examined the issue of an untimely filed Florida state court post-conviction motion. In <u>Delancy v. Florida Department of Corrections</u>, 246 F.3d 1328, 1331-32 (2001), the circuit court of appeals held that the district court's dismissal of a federal *habeas* petition as time-barred was due to be reversed. The reasoning of the opinion is somewhat like the Ninth Circuit's in <u>Dictado v. Ducharme</u>, 244 F.3d 724, 727-28 (9th Cir. 2001). In <u>Delancy</u>, the petitioner had filed a second post-conviction motion under Florida Rule of Criminal Procedure 3.850, which he asserted acted to toll the § 2244(d)(1) statute of limitation. The district court ruled that the second motion did not toll the deadline because the second motion was filed more than two years after his conviction became final, and thus was time-barred by Florida Rule of Criminal Procedure 3.850(b). <u>Id</u>. The Eleventh Circuit reversed, finding that the motion alleged newly discovered evidence, which, under Florida's rule, provided an exception to the two-year limitations period. <u>Id</u>. at 1331-32. Thus, as in <u>Dictado</u>, whether a state post-conviction petition is timely depends upon state law, and if state law provides an exception to the usual

-12-

limitation period applicable to the petition, it may not be untimely under state law and may be "properly filed" for federal *habeas* limitation purposes.

In Hurley v. Moore, 233 F.3d 1295 (11th Cir. 2001), the Eleventh Circuit Court of Appeals again reviewed the district court's treatment of a time-barred petition for writ of *habeas corpus*. In Hurley, the petitioner filed his first state post-conviction motion within the state-law time frame, but failed to include a written oath as required by the state law. The state court denied the petition without prejudice, permitting petitioner to refile a timely, properly sworn motion. Instead of refiling a properly sworn motion, the petitioner moved for rehearing, which was denied. He then appealed the denial, which was affirmed. Id. at 1298. By the time Hurley later filed a second, properly sworn post-conviction motion, it was denied as untimely. Id. In his federal *habeas* action, the district court dismissed the petition as time-barred. On appeal, petitioner argued that his § 2254 motion was timely because his first state post-conviction motion was properly sworn. The Eleventh Circuit Court of Appeals held that his § 2254 motion could be considered timely only if the first post-conviction motion could be deemed "properly filed." The court further held that the motion, which did not contain the oath

required by Florida law, was not properly filed and did not toll the running of the one-year limitation.  Id.

A fair reading of the cases cited above is that the Eleventh Circuit Court of Appeals has determined that, consistent with Artuz, successive state court post-conviction petitions are "properly filed" and toll the statute of limitation, but that untimely or unsworn petitions are not "properly filed" and do not toll the limitation, unless the state court declines to apply the time-bar in favor of considering the merits, or unless the state court is required to delve into the merits of the claims in order to resolve the issue of whether the state-law time-bar applies.  In the *habeas* petition filed by this same petitioner in relation to his other death-penalty case, Siebert v. Haley, 193 F. Supp. 2d 1260 (2002), this conclusion compelled the District Court for the Middle District of Alabama to hold that a post-conviction motion must meet state filing deadlines to be "properly filed."  Id. at 1264.

Any questions as to whether a post-conviction motion must be timely filed in order to toll AEDPA's one-year period were definitively decided by the Eleventh Circuit Court of Appeals in Drew v. Department of Corrections, 297 F.3d 1278 (11th Cir. 2002). In Drew, the petitioner sought *habeas* relief following the dismissal in the state courts of his third post-conviction motion.

-14-

The federal *habeas* action was clearly untimely unless the third post-conviction motion triggered the tolling provision of Section 2244(d)(2). The court in Drew noted that the third motion did not allege facts that were previously unknown and unascertainable through due diligence; nor did the petitioner allege any facts relevant to any statutory exception to Florida's filing deadline for a post-conviction motion. Accordingly, the post-conviction motion was untimely under Florida law, and therefore was not "properly filed" as required to toll AEDPA's statute of limitations. Id. at 1284. The court of appeals explained:

> In this case, there is no doubt that Drew filed his third Rule 3.850 motion well over two years after his conviction became final. Prior to Artuz, this Court held in Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000), that claims considered procedurally barred under state law for reasons such as untimeliness were not properly filed and could therefore not toll the AEDPA statute of limitations. Webster remains valid today. According to Artuz, a petition is not "properly filed" if it is not filed in compliance with "the time limits upon its delivery." 531 U.S. at 8, 121 S.Ct. at 364. In a footnote, the Supreme Court explicitly left open "the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." Id. at 9 n. 2, 121 S.Ct. at 364 n. 2 (citing Smith v. Ward, 209 F.3d 383, 385 (5th Cir. 2000)).

Id. at 1284-5. Consequently, the federal appellate court affirmed the district court's dismissal of the *habeas* action as untimely.

In this case, petitioner filed his post-conviction motion in

-15-

the state trial court on August 25, 1992. Upon motion of the
respondents, the trial court dismissed the petition as untimely
pursuant to Rule 32.2(c), noting that the certificate of judgment
following petitioner's direct appeal was issued by the Alabama
Court of Criminal Appeals on May 22, 1990, making any Rule 32
petition filed later than May 21, 1992, untimely.[10] The Alabama
Court of Criminal Appeals affirmed, and the Alabama Supreme Court
denied *certiorari* on September 15, 2000. Thus, the state courts
determined conclusively as a matter of state law that the Rule 32
petition was untimely at the time it was filed. Although the trial
court examined petitioner's Rule 32 claims on the merits in
addition to finding the claims time-barred, the Alabama Court of
Criminal Appeals expressly held that the trial court should not
have addressed the barred claims on the merits, as such an
examination is not permitted by the Alabama rule. The petition
contained no allegations of newly discovered evidence that might
trigger the six-month exception to the two-year rule. In his
appeal from the denial of his Rule 32 petition as untimely,
petitioner did not assert that he was entitled to an extended
deadline in accordance with Alabama Rule of Criminal Procedure

---

[10] Alabama Rule of Criminal Procedure 32.2(c) in effect at
the time governing petitioner's motion prescribed a limitation
period requiring any Rule 32 petition to be filed "within two years
after the issuance of the certificate of judgment by the Court of
Criminal Appeals."

32.2(c) because his claims were premised upon newly discovered evidence.[11] Accordingly, this court is compelled, pursuant to <u>Artuz</u> and <u>Drew</u>, to conclude that the untimely state petition was not a "properly filed application" capable of tolling the limitation period and to dismiss petitioner's *habeas* petition as time-barred under § 2244(d)(1).

### III.  EQUITABLE TOLLING

Petitioner does not specifically argue that his petition should not be viewed as time-barred based on the doctrine of equitable tolling, but petitioner does assert that the Alabama Court of Criminal Appeals failed to notify him when it issued the certificate of judgment, instead sending a copy to the trial court only.  He further asserts that he was attempting to exhaust his state court remedies in accordance with the federal court's exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A) and (c).  The court views these assertions as arguments in favor of equitable tolling.

The Eleventh Circuit Court of Appeals has recognized that the limitation period under § 2244(d)(1) may be equitably tolled "when

_____

[11]   The Alabama rule contains a provision similar to the Florida rule at issue in <u>Delancy</u> that provides that petitions based upon newly discovered evidence may be filed within the two-year period, or within six months of the time the new evidence is discovered, whichever is later.

a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F. 3d 1269, 1271 (11th Cir. 1999). The court went on to note that equitable tolling is an "extraordinary remedy" and cautioned that it is to be "applied sparingly."    Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)(citing Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)).   Other circuits likewise have restricted the use of equitable tolling to instances that are "extraordinary," "rare," and "beyond the control" of the petitioner.   See Wyzykowski v. Department of Corrections, 226 F. 3d 1213, 1216, n.1 (11th Cir. 2000), and cases cited therein.

Petitioner has failed to demonstrate the "extraordinary circumstances" that would compel the court to apply equitable tolling.   In sum, petitioner contends that he was not affirmatively informed of the issuance of the certificate of judgment, which triggered the running of the two-year statute of limitations. Petitioner further argues that his failure to meet the one-year deadline for filing the federal *habeas* petition was a result of his compliance with federal *habeas* law requiring him to exhaust state court remedies before filing his *habeas* petition.   Neither of these arguments is worthy of merit.

Even assuming petitioner's assertions are true and that petitioner was unaware that the certificate of judgment had issued, he does not contend that he made any effort to determine the status of his case. He also does not argue that he was unrepresented by counsel or that the information available at the trial court or appellate court was unavailable to him. At the time the Supreme Court denied his petition for *certiorari* on direct appeal (November 5, 1990), petitioner could have determined the deadline for filing a Rule 32 petition simply by reading the plain language of Rule 32.2(c) and contacting the Court of Criminal Appeals to discover the date on which the certificate of judgment was entered. He apparently did neither. Equitable tolling, furthermore, is not applicable in this case because petitioner was on notice, no later than April 4, 1995, when the state amended its answer to include the statute-of-limitations defense, that the state court considered his Rule 32 petition to be untimely.[12] Petitioner had actual notice of the defect in his Rule 32 filing, and the assertion of time-bar defense should have alerted him to the fact that his filing might not be considered "properly filed" for tolling purposes under the AEDPA time limitation. A petitioner exercising the diligence

---

[12]    Moreover, there is no requirement that petitioner know his post-conviction motion is time-barred in order to activate the running of the statute of limitations, only that the petition actually be time-barred. See, e.g., Siebert v. Haley, 193 F. Supp. 2d 1260, 1265 (M.D. Ala. 2002), and Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998), cited therein.

required would have filed his federal *habeas* action within the one-year grace period out of caution, even if he continued to contest the timeliness issue in the state courts.

Petitioner has failed to demonstrate that he took any steps to diligently pursue his claims as required by the doctrine of equitable tolling. See <u>Helton v. Secretary for the Department of Corrections</u>, 259 F.3d 1310, 1314 (11th Cir. 2001). Because petitioner failed to make any showing of the requisite diligence, he is not entitled to equitable tolling based on the assertion that he did not receive a copy of the certificate of judgment.

Petitioner's argument that the statute of limitation should be tolled because he was attempting to exhaust his state court remedies likewise is without merit. Petitioner was free to file a federal *habeas* petition even while pursuing his state court proceedings. He could have avoided the problem he now faces by filing his federal *habeas* petition in a timely manner during the one-year grace period, and then moving that the petition be stayed during the pendency of the Rule 32 petition.

Petitioner has failed to show that any "extraordinary circumstances" that were "beyond his control" prevented him from timely filing the instant petition. Accordingly, the statute of limitation is not due to be equitably tolled, and the instant petition is due to be dismissed as untimely.

## IV.  DEFERENCE

Petitioner presented his arguments relating to the timeliness of his Rule 32 petition in his appeal from the denial of the petition by the trial court, and the Alabama Court of Criminal Appeals addressed the issue on the merits.  A federal court generally is required to defer to a state court's application of its own filing deadlines.  See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner argues that the state court's ruling that the Rule 32 petition was untimely is not due deference by this court because the filing deadline: (1) was neither clear nor well established at the time he filed his Rule 32 petition, and (3) was not consistently applied.  Neither of these contentions warrants disregarding the state court finding of untimeliness of the Rule 32 petition.

### A.  Clear and Well Established

Petitioner first contends that the time limitation of Rule 32.2(c) was unclear and not well established.  Prior to August 1, 2002,[13] Rule 32.2(c) stated:

---

[13]   On August 1, 2002, Rule 32.2(c) was modified to shorten the time for filing a petition to one year.  Otherwise, the text of the rule remains unchanged from what it has been since it was first adopted as Temporary Rule 20.2(c) in 1987.

Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R. App. P.; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses. The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable two-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987.

Ala. R. Crim. Pro. 32.2(c). The rule clearly dictates that the post-conviction petition must be filed within two years after the certificate of judgment is issued by the Court of Criminal Appeals. Rule 32.2(c) is in no way unclear, and petitioner does not assert that the language of the rule is unclear. Petitioner argues that his conviction did not become "final" until the United States Supreme Court denied *certiorari* on November 5, 1990. Thus, petitioner asserts, there was no "final" disposition of his case, and the certificate of judgment should not have been issued, pursuant to Alabama Rule of Appellate Procedure 41(b). Alabama Rule of Appellate Procedure 41, provides:

**(b) Stay of Certificate of Judgment Pending Petitions for Certiorari to Courts of Appeals.** The timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the Supreme Court. Upon the filing of a copy of an order of the Supreme Court denying the petition for certiorari, the certificate of judgment of the courts of appeals shall issue immediately. If the time for the issuance of the certificate of judgment shall have been shortened pursuant to subdivision (a) hereof, the court of appeals shall grant such relief, upon motion, as may be appropriate.

Ala. R. App. P. 41(b). Petitioner argues that the certificate of judgment rendered in his case should not govern the timeliness issue because he had applied for *certiorari* with the United States Supreme Court, which had not yet been denied. Thus, petitioner asserts there had been no "final disposition" of his case as required in Rule 41(b).

Petitioner presented this same argument to the Alabama Court of Criminal Appeals, which determined that it was clear that "Siebert's conviction became final on the date the Alabama Court of Criminal Appeals issued the certificate of judgment...." <u>Siebert v. State</u>, 778 So. 2d 842 (Ala. Crim. App. 1999). Petitioner does not dispute that the "final disposition" required by Rule 41(b) clearly references the disposition of the case by the Alabama

Supreme Court, not the United States Supreme Court.[14] Not only does the language of the Rule so indicate, but the practice of the Alabama Court of Criminal Appeals has been to issue the certificate of judgment upon completion of the review in the Alabama Supreme Court, regardless of whether an appeal is then made to the United States Supreme Court. Accordingly, this argument is without merit.

Petitioner next argues that the two-year limitation for the filing of Rule 32 petitions was not "well established" at the time petitioner filed his Rule 32 petition. The two-year limitation period for filing a petition for post-conviction relief in Alabama took effect less than two weeks after petitioner was convicted, and about two weeks before petitioner was sentenced. See Ala. R. Crim. P. Temporary Rule 20.2(c), enacted April 1, 1987.[15] See also Eddins

---

[14]    The Alabama Supreme Court addressed this issue recently in Ex parte Hutcherson, 2002 WL 960044, ___ So. 2d ___ (Ala., May 10, 2002). In Hutcherson, the petitioner, a death penalty inmate, had filed an out-of-time Rule 32 petition based on his attorney's belief that the two-year period began to run after review by the United States Supreme Court, rather than upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals. Id. The issue before the court was whether a writ of mandamus issued by the Alabama Court of Criminal Appeals directing the trial court to grant the motion to dismiss the Rule 32 petition as untimely was appropriate for mandamus relief. In a dissenting opinion, however, Justice Stuart noted that Rule 32 "specifically provide[s] that the time runs from the issuance of a certificate of judgment by the Court of Criminal Appeals." Id. at *6.

[15]    The rule states:

    (c) STATUTE OF LIMITATIONS. Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief

-24-

v. State, 555 So. 2d 323 (Ala. Crim App. 1989).   By the time petitioner's conviction became "final" by the conclusion of his direct appeal in November of 1990, the rule had been in effect for more than three years.

Petitioner's argument is premised on Daniels v. State, 650 So. 2d 544 (Ala. Crim. App. 1994).   Petitioner argues that in Daniels, the court did not question the timeliness of the Rule 32 petition because it was filed within two years after the United States Supreme Court denied certiorari.   Petitioner's argument misstates both the history of the case and the proposition for which the case stands.

In Daniels, the defendant was convicted of capital murder and was sentenced to death in 1978.   He appealed to the Alabama Court of Criminal Appeals, which in 1980 reversed and remanded for new trial.   The United States Supreme Court in 1982 vacated the Alabama Court of Criminal Appeals' decision and remanded for further

_____

> from a conviction or sentence on the grounds specified in Rule 20.1(a) and (f), unless the petition is filed (1) In the case of a conviction appealed to the court of criminal appeals, within two years after the  issuance of the certificate of judgment by the court of criminal appeals under Rule 41, Alabama Rules of Appellate Procedure .... Provided, however, that the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of this Temporary Rule 20(April 1, 1987).

Ala. R. Crim. P. 20.2(c) (1987).

consideration in light of <u>Hopper v. Evans</u>, 456 U.S. 605, 102 S. Ct. 2049, 72 L. Ed. 2d 367 (1982). Following remand, the Alabama Court of Criminal Appeals determined that the defendant was not entitled to a new trial and affirmed the conviction in 1985, but vacated the death sentence and remanded for re-sentencing. See <u>Daniels</u>, 534 So. 2d at 658. Defendant was resentenced, and he appealed the new sentence, which was affirmed by the Alabama Court of Criminal Appeals on October 13, 1987. <u>Id</u>. The Alabama Supreme Court affirmed the conviction on September 30, 1988, in <u>Daniels v. State</u>, 534 So. 2d 664 (Ala. 1988), and the United States Supreme Court denied <i>certiorari</i> review by order dated January 23, 1989. <u>Daniels v. Alabama</u>, 488 U.S. 1051, 109 S. Ct. 884, 102 L. Ed. 2d 1007. The defendant filed his Rule 32 petition on March 20, 1990.

The petitioner has not provided any evidence as to when the Alabama Court of Criminal Appeals issued its certificate of judgment in <u>Daniels</u>, but the applicable provisions of Rule 41 would require that the certificate of judgment be issued after the Alabama Supreme Court denied <i>certiorari</i> on September 30, 1988. The defendant in <u>Daniels</u> filed the Rule 32 petition at issue in the case cited by petitioner on March 20, 1990, approximately 18 months after the certificate of judgment was due to be issued, and well within the two-year statute of limitations. Accordingly, <u>Daniels</u> cannot be read to stand for the proposition that the limitations

period prescribed by Rule 32.2(c) or its predecessor, Temporary Rule 20.2(c), is not "well established." To the contrary, Alabama case law is replete with examples through the years since the rule was enacted in which the Alabama courts have strictly enforced the two-year limitation for filing petitions for post-conviction relief. See, e.g., Dowdell v. State, 2002 WL 1398002 (Ala. Crim. App. June 28, 2002); Kaska v. State, 709 So. 2d 500 (Ala. Crim. App. 1997); Rahman v. State, 563 So. 2d 50 (Ala. Crim. App. 1990); Cochran v. State, 548 So. 2d 1062 (Ala. Ct. App. 1989). The petitioner has not demonstrated that there have been any cases in which the respondents raised the issue of time-bar and the court chose not to apply the limitations period.[16] Finally, petitioner further asserts that the application of the time-bar "would make no sense" because judicial economy and efficiency weigh against a requirement that petitioner litigate both his direct appeal in the United States Supreme Court and his Rule 32 petition in the state court at the same time. While this argument may fairly be addressed to those who enacted the time limitation, the court is

---

[16]    The court agrees that there have been instances in which the state failed to raise the time limitation as a defense and the courts chose not to address the time bar issue or found that the time-bar had been waived, but such instances do not compel a conclusion that the clear mandate of Rule 32 was not well established. Furthermore, there are instances early in the history of the two-year time-bar in which courts recognized that Rule 20's limitation must be strictly applied. See, e.g., Eddins v. State, 555 So. 2d 323 (Ala. Crim. App. 1989).

bound to do not what the parties argue is "sensible," but what the prevailing law expressly requires.[17]   Accordingly, petitioner's argument that the two-year limitation was not "well established" is without merit.[18]

### B.  Consistently Applied

Petitioner argues that the two-year bar has not been consistently applied, and he points the court to two cases in which the Rule 32 petitions were filed more than two years after the certificate of judgment was issued, but less than two years after the United States Supreme Court denied *certiorari*.  See <u>Callahan v. State</u>, 767 So. 2d 380 (Ala. Crim. App. 1999); <u>Jones v. State</u>, 753 So. 2d 1174 (Ala. Crim. App. 1999).  An examination of those cases does indicate that the Rule 32 petitions at issue were time-barred; however, there is no indication in any of the evidence presented to this court or in the opinions that the state ever raised the issue

---

[17]   One of the cases cited by petitioner points out that, under Rule 32, a petitioner can file a post-conviction petition even while the appeal of his conviction is pending, because Rule 32.6 provides that "[a] petition may be filed *at any time* after entry of judgment and sentence."  <u>Barnes v. State</u>, 621 So. 2d 329 (Ala. Crim. App. 1992).

[18]   Although petitioner does not raise the argument that the time-bar should not apply because he is subject to the death penalty, it should be noted the Alabama courts have definitively stated that the procedural bars of Rule 32 apply with equal force in capital cases.  <u>See, e.g.</u>, <u>State v. Tarver</u>, 629 So. 2d 14, 19 (Ala. Crim. App. 1993).

of the time-bar, or that the court ever considered the timeliness of the petitions.

This same argument was presented by Siebert in his *habeas* petition filed with the Middle District of Alabama in connection with his capital murder convictions arising from the slaying of the Weathers family. That court noted: "[T]he court is not aware of any cases in which Alabama courts declined to enforce the statute of limitations where the defense was expressly raised as to claims to which the statute of limitations applied." This court agrees. The fact that in two instances the state failed or declined to raise the issue of the time-bar and the court failed or declined to *sua sponte* examine the timeliness issue does not constitute the kind of "inconsistency" that would overcome the requirement that a federal court give deference to the state rule. Dugger v. Adams, 489 U.S. 401, 410 n. 6, 109 S. Ct. 1211, 103 L. Ed. 2d 575 (1988)(recognizing that a rule is consistently applied where a vast majority of the cases apply the procedural bar); Johnson v. Mississippi, 486 U.S. 578, 587, 108 S. Ct. 1981, 100 L. Ed. 2d 575 (1988). In this case, the petitioner has pointed to only two cases in which the time-bar was not applied, and in those cases the state did not assert and the court did not examine the issue of timeliness. On the other hand, the court is aware of many cases in which the time-bar was applied. Accordingly, the court concludes

-29-

that petitioner's argument that the time-bar was not "consistently applied" is without merit.

## CONCLUSION

Accordingly, for the reasons stated above, the court finds that the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 is due to be dismissed with prejudice as time-barred by 28 U.S.C. § 2244(d).   Petitioner, with the assistance of counsel, waited until September 2001 to file the instant *habeas* petition, well more than five years after the limitation period was enacted in 1996. The Rule 32 petition pending at the time AEDPA became law did not act to toll the running of the limitation period under § 2244(d)(2), because it was found to be itself untimely under Alabama state law and procedure, a finding this court must respect. Being untimely itself, the Rule 32 petition was not a "properly filed application" within the meaning of § 2244(d)(2), such that it could toll the running of the federal limitation period. See Drew v. Department of Corrections, 297 F.3d 1278 (11th Cir. 2002). Further, no "extraordinary circumstances" exist that justify the equitable tolling of the limitation.

-30-

By separate order, the court will GRANT the respondents'
motion to dismiss the instant petition with prejudice.

DATED this _30_ day of _September_, 2002.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE